UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL PALMER,

    Plaintiff,

v.

LYNNE BUSCEMI, CHRIS BUSCEMI,
ELIZABETH PEZZETTI, JOSEPH T.
RACEY, JR., PAULA JEFFERSON,
JODY OVERALL, P. WRIGHT, and
MRS. WALLACE, jointly and
severally, in their individual and
official capacities,

    Defendants.
_____/

CASE NO. 05-CV-10094-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**
(Dkt. 20)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED** and the case **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on July 18, 2005. (Dkt. 3.) Pending is the above-entitled motion which includes five exhibits relating to proceedings before the Oakland County Probate Court – Juvenile Division. Plaintiff has filed a response opposing the motion, including

a copy of a 1994 judgment of divorce and pleadings filed in the Oakland County Circuit Court – Family Division.[1] (Dkt. 22.) Defendants filed a reply which includes 24 exhibits relating to proceedings before the Oakland County Courts. (Dkt. 24.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff[2] is presently a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), housed at Jackson Prison. Plaintiff filed his *pro se* complaint on March 3, 2005. Named as Defendants are the Plaintiff's ex-wife, his ex-wife's current husband, an Oakland County Family Court judge, a Family Court referee, and the director and three other employees of Children's Village, an institution located in Oakland County to which Plaintiff's minor daughter was committed by various orders issued by the Oakland County Family Court. Plaintiff filed suit under 42 U.S.C. § 1983 and alleges that Defendants conspired together during delinquency proceedings instituted against his minor daughter to deprive Plaintiff of notice and opportunity to be heard before the Court on Plaintiff's claim that, despite his incarceration, Plaintiff was able to provide his minor daughter "with a stable and satisfactory living environment through a third party relative[.]" (Compl., Dkt. 1, ¶ 29.) Plaintiff alleges that Defendants violated Rule 3.920(B)(2)(a) of the Michigan Court Rules, which Plaintiff maintains requires that a "parent without physical custody" must be notified of the pendency of delinquency proceedings filed against his or her child.

---

[1] In 1996 the Michigan Legislature withdrew jurisdiction on a number of matters from the juvenile division of the probate courts and gave it to a newly created family division of the circuit courts. MICH. COMP. LAWS ANN. § 712A.1 (as amended by 1996 PA 409).

[2] Plaintiff has filed five prior lawsuits in this Court: 96-CV-74844-DT, 98-CV-40214-FL, 01-CV-70180-DT and 01-CV-72126-DT, which were dismissed on motions for summary judgment, and 00-CV-75105-DT, a petition for writ of habeas corpus which was also dismissed.

Plaintiff alleges that Defendants violated his First, Ninth and Fourteenth Amendment constitutionally protected rights and seeks the following relief: (1) a declaratory judgment finding Plaintiff "in full possession of his parental rights" and entitled "as a matter of due process, to notice and an opportunity to be heard" with regard to the petition filed against his minor daughter; (2) a declaratory judgment finding that "where such minimum procedural safeguards are not observed . . . all subsequent proceedings and rulings of the juvenile court are null and void . . . ."; (3) a declaratory judgment finding that "wherever proceedings of a state court or tribunal are conducted that may potentially affect Plaintiff's legal and fundamental rights," he is entitled to notice and an opportunity to be heard; (4) a declaratory judgment finding that the policies relating to mail implemented by the Defendants is constitutionally deficient; (5) a declaratory judgment finding that the Defendants' actions violated Plaintiff's First, Ninth and Fourteenth Amendment constitutionally protected rights; and (6) compensatory and punitive damages.

Defendants argue that Plaintiff lacks standing, that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, and that Eleventh Amendment and judicial immunity bar Plaintiff's claims.

**B.     Law and Analysis**

**1.     Governing Legal Standards**

Defendants' motion is filed under Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b) provides that when "matters outside the pleading are presented to *and not excluded by the court*, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(b) (emphasis added). In their treatise, Wright and Miller explain that, pursuant to the portion of the rule italicized above,

3

> [t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. This discretion generally will be exercised on the basis of a determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (footnote omitted).

Although extensive exhibits have been filed by both parties, the jurisdictional grounds raised in the motion do not require recourse to those exhibits, and the motion will therefore be considered as one under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

### 2. *Rooker-Feldman* Doctrine

I first suggest that Defendants are correct that this Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims under the *Rooker-Feldman* doctrine. The Supreme Court recently reviewed the doctrine's applicability and stated:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

That is precisely the situation here: Plaintiff's claims can only succeed to the extent that the state court wrongly decided the issues before it. Plaintiff's civil rights suit is therefore, I suggest, an impermissible attempt to appeal the specific findings of the Michigan courts, and as a result, I suggest that the grant of Defendants' motion is appropriate.

**3.     Abstention -- The "Domestic Relations Exception"**

In *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992), the United States Supreme Court construed what has come to be called the "Domestic Relations Exception" to federal jurisdiction. In that case, plaintiff sought monetary damages for alleged sexual and physical abuse of her children by their divorced father and his female companion. On appeal, the United States Supreme Court stated:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, [21 How. 582, 16 L.Ed.2d 226 (1859)], divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Ankenbrandt*, 504 U.S. at 703-04. This principle has been applied in this circuit. *Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995), *Ropoleski v. Rairigh*, 886 F. Supp. 1356 (W.D. Mich. 1995), *see also Nowicki v. Bruff*, 896 F. Supp. 707 (E.D. Mich. 1995).

I conclude that Plaintiff's complaint arises directly out of the "divorce, alimony and child custody decrees" which the domestic relations exception and the *Ankenbrandt* case clearly hold outside the jurisdiction of federal courts. I suggest that both the substantive and policy reasons set forth by the Supreme Court in *Ankenbrandt* squarely apply to the instant facts and mandate that

this Court stay its hand.  As a result, I suggest that this exception provides an alternative basis supporting the dismissal of Plaintiff's claims.

### 4. Claims Against Defendants Pezzetti and Racey

In the alternative, I suggest that Plaintiff's claims against the Family Court judge and referee clearly indicate that both were acting in their judicial capacity in a state court case over which they had jurisdiction, and therefore enjoy immunity from suit.  *See Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983.").  The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Cleavinger v. Saxner*, 474 U.S. 193, 199- 200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347, 20 L. Ed. 646 (1871)).  Judicial immunity is overcome in only two situations.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11 (citations omitted).

Under these standards, I suggest that the actions of Defendants Pezzetti and Racey, as described in Plaintiff's complaint, are acts that clearly fall within the judicial capacity and discretion of a state court judge.  Further, these actions cannot be said to have been taken in "the complete absence of all jurisdiction."  *Id.*  Accordingly, I suggest that these Defendants are protected from suit by absolute judicial immunity and should be dismissed.

### 5. Claims against Children's Village Defendants

In the alternative, I further suggest that Plaintiff's claims against these defendants are barred by the doctrine of quasi-judicial immunity. In this circuit, "'[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). I suggest that the actions of Children's Village, its agents and employees, in complying with the Family Court's directives relating to Plaintiff's minor child, fall precisely within these principles, and that these Defendants are therefore entitled to quasi-judicial immunity.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: January 20, 2006                United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Keith J. Lerminiaux, and served in the traditional manner on Michael Palmer and Honorable David M. Lawson.

Dated: January 20, 2006                                    By       s/Mary E. Dobbick
                                                                          Secretary to Magistrate Judge Binder