UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALLEN PALMER,

                Plaintiff,                 Civil No. 05-10094

v.                                             Hon. David M. Lawson
                                                  Magistrate Judge Charles E. Binder

LYNNE BUSCEMI, CHRIS BUSCEMI,
ELIZABETH PEZZETTI, JOSEPH T.
RACEY, JR., JODY OVERALL, PAULA
JEFFERSON, P. WRIGHT and MRS.
WALLACE,

                Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE WITH PREJUDICE AS TO ALL DEFENDANTS

        This matter is before the Court on the plaintiff's objections to a report by Magistrate Judge Charles E. Binder recommending that a motion to dismiss filed by several of the defendants be granted. The plaintiff, who happens to be a prisoner in the custody of the Michigan Department of Corrections, filed this *pro se* action under 42 U.S.C. § 1983 challenging a juvenile delinquency proceeding that occurred in the Oakland County, Michigan family court involving the plaintiff's daughter, Ashley. The plaintiff contends that the defendants violated several of his constitutional rights by proceeding against his daughter and failing to give him notice as a non-custodial parent. On December 2, 2005, defendants Pezzetti, Racey, Overall, Jefferson, Wright and Wallace filed a motion to dismiss, which the magistrate judge entertained under an order of reference for general case management. On January 20, 2006, Judge Binder issued his report recommending that the motion be granted on the grounds of the *Rooker-Feldman* doctrine, the "domestic relations" exception to federal jurisdiction, judicial immunity, and quasi-judicial immunity. The plaintiff filed

timely objections, to which the defendants have responded and the plaintiff replied. The Court has conducted a *de novo* review of the matter and now concludes that the plaintiff's objections to the report and recommendation (save one) lack merit, the magistrate judge was correct that the matter should be dismissed on all the listed grounds except the domestic relations jurisdictional exception, and therefore the plaintiff has not stated a viable claim. The Court will overrule the objections, adopt the magistrate judge's recommendation, grant the motion to dismiss, and dismiss the case.

I.

The allegations in the plaintiff's complaint center on Ashley Palmer, the child of the plaintiff and his ex-wife, Lynne Buscemi. His grievances fall into two categories: first, he contends that juvenile delinquency proceedings conducted in the state court are invalid because he did not receive proper notice; second, he believes that his former spouse and personnel at the detention facility conspired to interfere with his mail to and from Ashley.

According to the complaint, Lynne Buscemi was granted full custody of Ashley in the divorce proceedings in 1994, when Ashley was five years old. In June 2002, Lynne Buscemi filed a delinquency petition against Ashley alleging that she maliciously destroyed personal property belonging to Lynne Buscemi. Lynne Buscemi, Ashley, and the Oakland County, Michigan family court reached a diversion agreement to satisfy the petition. Ashley later breached the diversion agreement and a hearing was held at the family court, which resulted in an order that Ashley be committed to the Oakland County Children's Village.

Before the juvenile court proceedings began, the plaintiff, Michael Palmer, was sentenced on April 20, 1995 to a prison term and is presently in custody at Parnall Correctional Facility in Jackson, Michigan. The plaintiff filed his *pro se* complaint in this Court on March 3, 2005 under

42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights when they failed to provide notice to the plaintiff of custodial proceedings against his daughter, Ashley; when they failed to consider a relative of the plaintiff for Ashley's custodial placement; and when they censored and withheld mail between the plaintiff and Ashley. The plaintiff named as defendants (1) an Oakland County family court judge, (2) an Oakland County family court caseworker, (3) an Oakland County family court referee, (4) the director of Children's Village where plaintiff's daughter is in custody, (5) a counselor at Children's Village, (6) an unspecified "representative" of Children's Village, (7) the plaintiff's ex-wife, and (8) the plaintiff's ex-wife's current husband. Defaults were entered against the plaintiff's ex-wife, Lynne Buscemi, and her husband, Chris Buscemi, for failure to answer the complaint.

The plaintiff alleges in his complaint that he was not personally served with notice of the delinquency proceedings against Ashley in 2002, thereby depriving him of his opportunity to be heard. The plaintiff claims that he was notified of the proceedings by his daughter, but not until the pretrial hearings already had commenced. The plaintiff subsequently filed a motion to dismiss the Oakland County family court proceedings. The plaintiff says he sent his comments regarding his ex-wife's and the family's interactions with Ashley that have potentially caused Ashley's misbehavior, but the information was not considered in the hearings.

The plaintiff next alleges that he informed the Oakland County family court defendants that he could assume custody of Ashley – despite his own incarceration – by having her placed with a third-party relative. The third-party relative testified at a final disposition hearing in December 2003; however, the defendant referee placed Ashley in the Oakland County Children's Village contrary to the plaintiff's wishes.

-3-

The plaintiff further contends that his First Amendment rights were violated when the employees at Children's Village conspired with the plaintiff's ex-wife and her husband to censor and withhold mail between the plaintiff and Ashley and thereafter submitted false information to the Oakland County Family Court. The plaintiff alleges that defendant Wallace, a counselor at Children's Village, the plaintiff's ex-wife, and her husband read mail from the plaintiff to Ashley; only some letters would be read to Ashley after being censored; and mail from Ashley to the plaintiff would allegedly be arbitrarily withheld. The plaintiff maintains that the Children's Village defendants have violated his First Amendment right to free speech with his daughter.

The plaintiff requests the Court to grant relief by declaring that the plaintiff is entitled to notice and an opportunity to be heard, finding that the delinquency court proceedings against Ashley are null and void, and dismissing the delinquency petition entirely. The plaintiff also requests that the court declare the mail policy at the Oakland County Children's Village unconstitutional based on a lack of guidelines to dictate when mail can be censored or withheld. Lastly, the plaintiff requests compensatory and punitive damages, but no specific damages are outlined.

All the defendants except the Buscemis filed a joint motion to dismiss. In concluding that the motion should be granted, the magistrate judge first suggested that the Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine because the plaintiff's complaint in essence constitutes a challenge to the judgment in the state court delinquency proceedings, and lower federal courts have no jurisdiction over such claims. Second, the magistrate judge found that the plaintiff's complaint is barred based on the "domestic relations exception" to federal jurisdiction described in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). In addition, the magistrate judge suggested that the family court judge and referee enjoy absolute judicial immunity from suit. He also concluded that

Children's Village, and the Children's Village agents and employees enjoy quasi-judicial immunity since they were complying with the court directives regarding the minor child Ashley.

The plaintiff filed timely objections on four grounds: (1) the *Rooker-Feldman* doctrine does not apply in this case because the state court ignored his motion to dismiss and did not issue a final decision on it; (2) the "domestic relations exception" does not apply because the plaintiff is not seeking a divorce or custody decree in this Court; (3) judicial immunity does not apply to the state court judge and referee because they acted irrationally and arbitrarily and therefore without any jurisdiction; and (4) quasi-judicial immunity cannot protect Children's Village and its employees because that affirmative defense was not pleaded properly. The defendants responded in opposition to the plaintiff's objections.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The defendants' motion was brought under Federal Rule of Civil Procedure 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, the court must construe the

complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* Federal Rule of Civil Procedure 8(a) requires that the complaint give the defendant fair notice of the nature of the claim and the factual grounds upon which it rests. *Twombly*, 127 S. Ct. at 1964. Therefore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted) (alteration in original). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (1984)); *see also Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

The Court will review each of the plaintiff's objections under this standard.

A.

The *Rooker-Feldman* doctrine, named after the decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 461 U.S. 462 (1983), stands for the proposition that "the lower federal courts do not have jurisdiction 'over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."'" *Raymond v. Moyer,* __ F.3d__, __, 2007 WL 2372296, *2 (6th Cir. 2007) (quoting *Lance v. Dennis,* 546 U.S. 549, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005))). However, as the Sixth Circuit has explained:

> The doctrine applies only when a plaintiff complains of injury from the state court judgment itself. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007).

In this case, the plaintiff's quarrel with the state court officials over the proceedings involving Ashley is that he was not given notice and an opportunity to participate in the action. He insists that the juvenile proceedings are invalid and "void" because of the lack of notice to him and the failure of the state judicial officials to give due weight to his input. The Court finds that this grievance falls within "the limited circumstances in which a plaintiff complains of an injury directly caused by a state-court judgment." *Id.* at 330. Therefore, "if the plaintiff believes that the trial court did not give him . . . a reasonable opportunity to pursue a claim, the proper course of action is to appeal the judgment through the state-court system and then to seek review by writ of certiorari from the U.S. Supreme Court." *Ibid.*

The magistrate judge was correct in concluding that at least the part of the complaint challenging the juvenile court proceedings could not be brought in the federal district court because of the jurisdictional bar described by the *Rooker-Feldman* doctrine. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 n. 3 (8th Cir. 1996) (collecting cases and concluding that "there is no procedural due process exception to the *Rooker-Feldman* doctrine"). However, the part of the complaint that challenges the mail-handling procedures at Children's Village does not implicate the juvenile court judgment, and therefore it is not barred by the *Rooker-Feldman* doctrine.

B.

The plaintiff's objection to the magistrate judge's application of the "domestic relations exception" to federal jurisdiction has some merit. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The plaintiff's complaint does not seek or challenge a decree of divorce or alimony. However, he does contend that a third-party family member be awarded custody of Ashley, and to that extent the domestic relations bar to federal jurisdiction precludes that species of relief. The balance of the plaintiff's claims (damages and interference with mail), however, are not subject to that bar.

C.

The plaintiff's objection challenging the finding of judicial immunity in favor of the state court judge and referee has no merit. "Judges are generally absolutely immune from civil suits for money damages." *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 509 U.S. 9, 9 (1991), and *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated in only two situations:

> First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 509 U.S. at 11-12.

Whether an action is judicial depends on the "'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). This functional analysis generally turns on two factors set forth by the Supreme Court in *Stump*. First, rather than looking at a particular act in isolation, courts should "look to the particular act's relation to a general function normally performed by a judge." *Mireles*, 502 U.S. at 13. Second, courts must assess whether the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362.

The allegations of the plaintiff's complaint focus on the judicial decisions of Judge Pezzetti and Referee Racey. Although the plaintiff contends that the purported lack of notice of the proceedings to him as a non-custodial parent divests the state court of all jurisdiction over the juvenile, he cites no authority for that proposition, and the Court has found none. The judge and the referee were performing their judicial functions – nothing more, and nothing less. Although the lack of notice in some cases can undermine the validity of a judgment and render it voidable, *see* Mich. Ct. Rule 2.612(B) (providing that when "[a] defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge of the pendency of the action . . . shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just"), it does not divest the court of the authority to proceed.

The state court acted within its jurisdiction, and the judicial officers are entitled to judicial immunity.

D.

The objection to the application of quasi-judicial immunity to Children's Village defendants on the ground that it was not pleaded is undermined by the docketed pleadings. The answer to the complaint contains the statement in the enumerated affirmative defenses that the state judge and referee "and others acting under their direction or control are protected by absolute judicial immunity and/or by quasi judicial immunity." Ans. to Compl. [dkt #13] at 8. The plaintiff believes that the defense also must fail on its merits, and he cites *Cooper v. Parish*, 203 F.3d 937 (6th Cir. 2000), and *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994), but refuses to develop his arguments, choosing instead to rely on his procedural ground. Both of those cases state that "an official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order because the act of 'enforcing or executing a court order is intrinsically associated with a judicial proceeding,'" *Cooper*, 203 F.3d at 948 (quoting *Bush*, 38 F.3d at 847), as the magistrate judge suggested. The plaintiff's deliberate decision to forego the substantive argument waives review of the magistrate judge's decision. *Miller*, 50 F.3d at 380.

There are other problems with the plaintiff's claims against the Children's Village officials for their creation and application of mail policies. To pursue the claim, the plaintiff must have standing. To establish standing to bring suit, the plaintiff "must show that (1) he has 'suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"

*Feiger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))).

Here, although the plaintiff bemoans the restriction on mail sent by him into and by his daughter out of Children's Village, this complaint actually challenges the conditions of confinement imposed upon his daughter by the institution that has custody of her. He does not have standing to assert the constitutional rights of his daughter, especially when challenging prison conditions. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (observing that "[p]recedent dictates that a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners").

To be sure, the Sixth Circuit has held that restrictions upon an inmate-parent sending mail *from* prison to a child may implicate the First Amendment right to association and Fourteenth Amendment substantive due process rights and require close analysis where they interfere with the parent-child bond, specially protected by the Constitution. *Bazzetta v. McGinnis*, 286 F.3d 311, 317 (6th Cir. 2002); *see also Franz v. United States*, 707 F.2d 582, 595 (D.C. Cir. 1983) (freedom of parent and child to cultivate and maintain relationship is one of most important liberty interests); *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972) (refusal of prison officials to send mail to family stated claim). However, the right of a person to send mail into a prison is subject to prison policies and regulations that are "reasonably related to legitimate penological interests," such as order, security, or rehabilitation. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *accord Sheets v. Moore*, 97 F.3d

164, 166 (6th Cir. 1996). Courts generally accord great deference to prison officials' adoption and execution of policies, regulations, and practices relating to the preservation of internal order, discipline, and security within the prison environment. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989); *Turner*, 482 U.S. at 85; *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir.1997), *as supplemented*, 133 F.3d 382 (6th Cir. 1998).

The plaintiff has not demonstrated how the regulations and practices he alleges were implemented by Children's Village officials were unrelated to legitimate penological, rehabilitative, or disciplinary objectives or trenched upon his rights as a non-custodial parent. He cannot act as a proxy to assert his daughter's rights. For these reasons and on the basis of quasi-judicial immunity, the Court concludes that the plaintiff has not asserted a claim against the Children's Village officials foe which relief can be granted.

### III.

The plaintiff also has brought the present action against his former wife and her current husband, Lynne and Chris Buscemi. These parties have not answered and the clerk entered defaults against them on March 20, 2006. The gravamen of the complaint against them is that they joined with the Children's Village personnel in censoring mail to and from Ashley Palmer and thereby violated the plaintiff's federal constitutional rights. However, there is no allegation that the Buscemis are state actors. A plaintiff asserting a claim under 42 U.S.C. § 1983 "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).

Although the clerk entered the defaults against the Buscemis, the plaintiff has not moved for judgment against them. Federal Rule of Civil Procedure 55 authorizes the clerk of court to enter a

default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). When the claim is for a sum certain, the clerk may then enter judgment by default upon request of the plaintiff and upon affidavit of the amount due. Fed. R. Civ. P. 55(b)(1). In all other cases, judgment by default may be entered only by application to the Court. Fed. R. Civ. P. 55(b)(2). In any case, however, the Court has broad discretion in determining the circumstances under which a default judgment should enter. *See, e.g., In re The Home Restraurants, Inc.*, 285 F.3d 111, 114-15 (1st Cir. 2002). As the authorities have noted, "[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [a] defendant is technically in default and that fact has been noted under Rule 55(a)." Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998). Among the factors that the Court may consider include how harsh an effect a default judgment would have and whether the facts alleged in the complaint state a valid cause of action. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005); Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998).

For the reasons noted above, the Court finds that the plaintiff's complaint does not state a valid claim against the Buscemis for violation of federal law. The plaintiff's complaint does not include a claim for a sum certain. Therefore, the plaintiff was required to submit an application for default judgment to the Court, and could not simply secure a default judgment by applying to the clerk's office. *See* Fed. R. Civ. P. 55(b). The plaintiff has done neither for more than a year since the clerk entered the defaults against the two defendants. Even if the plaintiff had filed a proper application, this Court would not be inclined to enter a default judgment because of the lack of merit

in the plaintiff's claims against these two defendants. The sound exercise of discretion does not favor entry of default judgment where the plaintiff has failed to state a claim supported by the law. *See Au Bon Pain Corp.*, 653 F.2d at 65; *Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 941; Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998). The Court concludes, therefore, that it is appropriate to dismiss this case in its entirety.

IV.

The Court has considered the defendants' motion to dismiss *de novo* following the magistrate judge's report and the plaintiff's objections. The objections lack merit, and the motions will be granted. The Court also concludes that the complaint lacks merit against the two defendants in default, and it should be dismissed in its entirety.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #25] is **ADOPTED IN PART**, and the plaintiff's objections [dkt #26] are **OVERRULED**.

It is further **ORDERED** that the motion to dismiss by defendants Pezzetti, Racey, Overall, Jefferson, Wright and Wallace [dkt #20] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to all defendants.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 30, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2007.

s/Felicia M. Moses
FELICIA M. MOSES