UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALLEN PALMER,

                Plaintiff,                Civil No. 05-10094

v.                                                Hon. David M. Lawson
                                                 Magistrate Judge Charles E. Binder

LYNNE BUSCEMI, CHRIS BUSCEMI,
ELIZABETH PEZZETTI, JOSEPH T.
RACEY, JR., JODY OVERALL, PAULA
JEFFERSON, P. WRIGHT and MRS.
WALLACE,

                Defendants.
_____/

## ORDER DENYING MOTION TO AMEND JUDGMENT AND DENYING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AND APPOINTMENT OF COUNSEL

Following its determination that the plaintiff had failed to state a claim upon which relief could be granted, the Court entered judgment in favor of the defendants on September 30, 2007. The plaintiff has since filed a motion to amend the judgment and an application seeking the dual relief of appointment of counsel and default judgment against the Buscemis, which the Court construes as a motion for reconsideration. The plaintiff's motion and application will be denied.

Rule 59(e) authorizes motions "to alter or amend a judgment." Fed. R. of Civ. P. 59(e). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have

been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Similarly, motions for reconsideration may be granted pursuant to Local Rule 7.1(g) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion to amend the judgment, the plaintiff generally re-hashes the arguments he made in prior pleadings, a practice that does not warrant amendment. *Engler*, 146 F.3d at 374. On the other hand, the plaintiff has argued that the Court erred in analyzing the claims against the Buscemis, defendants that are private individuals. According to the plaintiff, the Court failed to recognize that he may have a section 1983 claim against the Buscemis insofar as they conspired with state actors to violate his constitutional rights. The Court agrees that a person need not be a state actor himself to be "acting under" color of state law for purposes of 42 U.S.C. § 1983 if the private actor was a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). But even assuming that the plaintiff adequately alleged collusion between the Buscemis and state actors, a valid section 1983 claim still requires a violation of the plaintiff's constitutional rights. *See* 42 U.S.C. § 1983. That requirement, as the Court observed in its order, has not been met. The plaintiff alleges that the Buscemis conspired with agents of the Oakland

County Children's Village to censor mail sent to and from his daughter. Yet the plaintiff has not shown that he has standing to assert his daughter's rights in this fashion or that the claim otherwise states a cause of action. Under these circumstances, amendment of the judgment is simply not appropriate. *See GenCorp, Inc.*, 178 F.3d at 834 (explaining that motions under Rule 59(e) are properly granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice") (internal citations omitted).

To the extent that the plaintiff asks this Court to enter a default judgment against the Buscemis, the Court notes this request is in effect one for reconsideration. The Court stated in its order adopting the report and recommendation that default judgment was not appropriate against the Buscemis because (1) the plaintiff had failed to apply for that relief as required by Federal Rule of Civil Procedure 55(b)(2), and (2) the plaintiff's action against the Buscemis clearly lacked merit. *See* Order Adopting R & R [dkt # 36] at 12-14. In his subsequently filed motion, the plaintiff acknowledges that an application for default judgment is a necessary predicate but suggests that he in fact filed such an application. According to the plaintiff, he moved for default judgment on March 27, 2006, only one week after the Clerk's entry of default. However, the docket sheet belies this assertion. The only application for default judgment that has been docketed is that presently before the Court. Even if the Court were to give the plaintiff the benefit of the doubt and assume the Clerk made a mistake, the plaintiff would need to explain why he waited over a year to bring the matter to the Court's attention. Moreover, the plaintiff's argument ignores the fact that the Court also rejected default judgment because "[t]he sound exercise of discretion does not favor entry of default judgment where the plaintiff has failed to state a claim supported by the law." *Id.* at 14 (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Wolf Lake Terminals, Inc.*

*v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005); Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998)). The plaintiff has not shown that the Court reached this conclusion in error.

Finally, the Court will deny the plaintiff's request for appointment of counsel in light of its determination that the case was properly dismissed.

Accordingly, it is **ORDERED** that the plaintiff's motion to amend the judgment [dkt # 39] is **DENIED**.

It is further **ORDERED** that the plaintiff's application for entry of default judgment and appointment of counsel [dkt # 38] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 16, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 16, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

---